IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
JUN 06 2012
TIMOTHY M. O'BRIEN, Clerk
By_____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | }   No. 12-20067-01-KHV/DJW |
| A-1 BARREL COMPANY, LLC, | }<br>}<br>} |
| Defendant. | } |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by Scott C. Rask, Assistant U.S. Attorney, and A-1 Barrel Company, LLC, the defendant, personally and by and through its attorney, Robin D. Fowler, enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

**1.   Defendant's Guilty Plea.**   If the Court permits, the defendant agrees to plead guilty to Count 1 of the Information, which charges a violation of Title 33, United States Code, §§ 1317 and 1319(c)(1)(A), that is, negligently violating the effluent treatment standards contained in the wastewater discharge permit issued. By entering into this plea agreement, the defendant admits to committing this offense, and to being guilty of this offense. The defendant agrees to plead guilty by June 8, 2012. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the information to which it has agreed to plead guilty is not more than one year of imprisonment, a $100,000 fine, one year of supervised release, and a $25 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Defendant A-1 Barrel Company, LLC ("A-1"), a Kansas limited liability company, conducted business at a facility located at 6035 Kansas Avenue in Kansas City, Kansas.  A-1 was owned by Julie Woodward.  A-1 was in the business of refurbishing used industrial barrels and drums, which it obtained from all over the United States.  Some of the drums transported to A-1 contained residual liquid that must be removed by washing, prior to reconditioning, thereby creating wastewater.

On January 13, 2006, the Unified Government of Wyandotte County-Kansas City, Kansas, issued a Wastewater Discharge Permit to A-1 authorizing it to discharge into the sanitary sewer system wastewater that did not exceed certain limitations, to include wastewater with a pH greater than 10.5 or a pH of less than 5.5.  Federal regulations promulgated pursuant to the Clean Water Act prohibited the introduction into a sanitary sewer system, such as that operated by the Unified Government of Wyandotte County-Kansas City, Kansas, wastewater with a pH of less than 5.0.

On May 21, 2007, agents with EPA Criminal Investigation Division (CID) inserted a continuous pH recording device into the Unified Government of Wyandotte County-Kansas City, Kansas sewer system, down flow from the A-1 facility.  On May 31, 2007, the agents removed the pH recording device and noted the pH recording exceeded the pH limitations applicable to A-1's permit as follows:

| Day | Date | pH |
|---|---|---|
| Tuesday | May 22 | pH dropped to 2.5 |
| Wednesday | May 23 | pH rose to 11.5 |
| Thursday | May 24 | pH dropped to less than 4 |
| Friday | May 25 | pH dropped to less than 5 |
| Monday | May 28 | pH dropped to 5 |
| Tuesday | May 29 | pH dropped to less than 5 |
| Wednesday | May 30 | pH dropped to 4 |

On May 31, 2007, EPA-CID agents installed a pH Data Recorder into the same sampling manhole.  On June 12, 2007, the agents removed the pH Data Recorder and found the wastewater from A-1 exceeded the limitations applicable to A-1's permit as follows:

| Day | Date | pH |
|---|---|---|
| Thursday | May 31 | pH dropped to less than 4 |
| Monday | June 4 | pH dropped to less than 3 |

| | | |
|---|---|---|
| Wednesday | June 6 | pH dropped to less than 3 |

On June 24, 2007, the EPA National Enforcement Investigations Center (NEIC) and EPA-CID agents placed an ISCO Sampler into the sewer system at a point next to A-1, which was directly in front of the facility and in the driveway of A-1 and removed the possibility of collecting samples from any other discharge but A-1. On June 28, 2007, the agents removed the ISCO sampler from the manhole in the driveway of A-1, which contained seven samples that could be analyzed by the EPA Region VII Laboratory for pH analysis. That laboratory analysis revealed the following regarding pH levels that exceeded the permit issued to A-1:

| | | |
|---|---|---|
| Tuesday | June 26  8:28 am | pH 0.75 |
| Tuesday | June 26  8:43 am | pH 0.99 |
| Tuesday | June 26  8:58 am | pH 1.41 |
| Tuesday | June 26  9:13 am | pH 2.21 |
| Wednesday | June 27  5:11 am | pH 4.31 |
| Wednesday | June 27  10:00 am | pH 1.68 |
| Wednesday | June 27  1:05 pm | pH 1.38 |

On July 17, 2007, EPA-CID agents served a search warrant at the A-1 facility for the Clean Water Act violations. During the course of the search, Tom Woodward claimed that he was responsible for any discharges into the sewer after he tested his discharges with pH paper. A-1 Barrel had no manifests for the shipment of waste that would have been generated if the rinsings of these barrels was done in accord with A-1 Barrel's permit.

3.  **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a fine of not less than $10,000 to not more than $20,000 on count 1; probation for one year; and the mandatory special assessment of $25. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the

3

parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter its guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against it or its principals arising out of the facts forming the basis for the information.

6. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw its guilty plea.

8. **Identification of Assets & Agreement Concerning Monetary Penalties.**

4

    a.    The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind in which it has sole, joint, or partial ownership or control OR was derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. Furthermore, the defendant agrees to provide all of its financial information to the United States Attorney's Office at the same time that it provides such to the United States Probation Office as part of the presentence investigation procedure. The defendant consents to the release of the information from the United States Probation Office to the United States Attorney's Office should it neglect to separately provide such information to the United States Attorney's Office. Moreover, the defendant agrees, if requested by either the United States Attorney's Office or the United States Probation Office, to participate in a pre-sentencing debtor's examination, which may include the taking of information from the its principals under oath.

    b.    The defendant further agrees to prevent the disbursement of any monies, property, or assets derived from the crimes charged, or otherwise under its custody or control. If the defendant fails to comply with this provision, then the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1, to file a motion under U.S.S.G. § 5K1.1, or to make any other sentencing recommendations contained in this agreement.

    c.    The defendant understands and agrees that pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

9.    **Payment of Special Assessment.**    The defendant understands that a mandatory special assessment of $25 will be entered against the defendant at the time of sentencing.

10.    **Waiver of Appeal and Collateral Attack.**    If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, or the components

of the sentence to be imposed herein (including the length and conditions of probation or supervised release, as well as any sentence imposed upon a revocation of probation or supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change its sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(c), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(c). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that it has had the plea agreement read to it, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further

understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____    Date: 6-6-12
Scott C. Rask
Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. Sup. Ct. No. 15643


_____    Date: 6-6-2012
A-1 Barrel Company, LLC
Julie Woodward, Owner
Defendant

_____    Date: 6-6-12
Robin D. Fowler
Bath & Edmonds, PA
7944 Santa Fe Drive
Overland Park, Kansas 66204
(913) 652-9800
(913) 649-8494 (fax)
Robin@bathedmonds.com
Ks.S.Ct. # 11752
Attorney for defendant